# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jessica S. Allen |
| | : | |
| v. | : | Mag. No. 25-8049 |
| | : | |
| HECTOR VILLEGAS ALVAREZ | : | **CRIMINAL COMPLAINT** |

    I, Joseph Mazza, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

    I further state that I am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

 

/s/ Joseph Mazza
Joseph Mazza, Deportation Officer
Department of Homeland Security
Immigration and Customs
Enforcement

Deportation Officer Joseph Mazza attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 31st day of March 2025.

/s/ *Honorable Jessica S. Allen*
Hon. Jessica S. Allen
United States Magistrate Judge

## ATTACHMENT A

### Count One
**(Assaulting, Resisting, and Impeding Certain Officers or Employees)**

On or about February 23, 2025, in Union County, in the District of New Jersey, and elsewhere, the defendant,

**HECTOR VILLEGAS ALVAREZ**,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, Victim-1 as described in this Complaint, while Victim-1 was engaged in and on account of the performance of Victim-1's official duties, involving physical contact with Victim-1, and in doing so, did inflict bodily injury on Victim-1.

In violation of Title 18, United States Code, Section 111(a)(1) and (b).

## **ATTACHMENT B**

I, Joseph Mazza, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, business records, and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At times relevant to this Complaint:

   a. The defendant, HECTOR VILLEGAS ALVAREZ ("VILLEGAS ALVAREZ"), was a national of Colombia and had no legal immigration status in the United States.

   b. "Victim-1" was a Deportation Officer employed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). As such, Victim-1 was an officer or employee of the United States within the meaning of 18 U.S.C. § 1114.

   c. "Officer-1" was another Deportation Officer employed by ICE and who was Victim-1's partner.

2. On or about February 23, 2025, ICE deportation officers, including Victim-1 and Officer-1, conducted an operation to identify and apprehend VILLEGAS ALVAREZ because he had been identified as an individual to be deported from the United States.

3. As part of that operation, Victim-1 and Officer-1 conducted surveillance on VILLEGAS ALVAREZ's residence in Roselle, New Jersey (the "Residence").

4. During that surveillance, Victim-1 and Officer-1 observed a car with Florida license plates (the "Car") leaving the Residence.

5. The officers lawfully stopped the Car. During the stop, Officer-1 saw VILLEGAS ALVAREZ in the driver's seat and an unidentified woman in the passenger's seat of the Car.

6. At that point, Officer-1 asked VILLEGAS ALVAREZ to get out of the Car and attempted to place VILLEGAS ALVAREZ in handcuffs. VILLEGAS

ALVAREZ got out of the Car but resisted Officer-1's attempts to handcuff him, including by tensing his body and locking his arms.

7. Victim-1 saw VILLEGAS ALVAREZ and Officer-1 engaging in a physical struggle. Victim-1 attempted to assist Officer-1 by deploying her taser on VILLEGAS ALVAREZ to subdue him. Specifically, Victim-1 hit VILLEGAS-ALVAREZ in the back with taser darts at least three times causing VILLEGAS-ALVAREZ to fall to the ground momentarily. Despite being hit with multiple taser darts, VILLEGAS-ALVAREZ was able to quickly get back to his feet and attempt to get into the Car to flee.

8. Before VILLEGAS ALVAREZ could get into the Car, Officer-1 and Victim-1 were able to wrestle VILLEGAS ALVAREZ to the ground. VILLEGAS ALVAREZ continued to physically resist the officers before he was eventually subdued and detained.

9. During that struggle, however, VILLEGAS ALVAREZ elbowed Victim-1 in the face. As a result of VILLEGAS ALVAREZ's assault, Victim-1 sustained bodily injury, including a broken nose and a concussion. Victim-1 has since suffered severe post-concussion symptoms, including fainting and difficulty breathing.