# FEDERAL PUBLIC DEFENDER
DISTRICT OF NEW JERSEY
K. ANTHONY THOMAS, FEDERAL PUBLIC DEFENDER

1002 BROAD STREET • NEWARK, NEW JERSEY 07102 • (973) 645-6347


May 29, 2025

***Via ECF***

Honorable Katharine S. Hayden
United States District Judge
Martin Luther King Courthouse
50 Walnut Street
Newark, NJ 07102

**RE: United States v. Hector Villegas Alvarez**
**25-cr-00219 (KSH)**

Dear Judge Hayden:

Kindly accept this joint letter stating the positions of the parties in this case concerning adjourning the June 23rd trial date. Specifically, the defense requests an adjournment until early November, and the government opposes that request.

## Defense Position

The 4.5-month adjournment is requested to give Mr. Villegas Alvarez a chance to meaningfully prepare his defense. The Defense's proposed scheduling order is attached as Exhibit A.

Because he cannot speak, read or write in English, the only way Mr. Villegas Alvarez can participate in his defense, is through lengthy in-person meetings at Essex County Correctional Facility, with the assistance of a hired interpreter. Those sessions, though regular, are subject to interpreter availability and limits outside of Mr. Villegas Alvarez's control. Furthermore, every document that has been produced in this case is in English. This also requires additional sessions with an interpreter, just for Mr. Villegas Alvarez to review the evidence in this case. Despite these challenges, the Federal Public Defender's Office is committed to ensuring that Mr. Villegas understands and participates in his defense. Undersigned defense counsel believes the requested adjournment is the minimum time required to accomplish that goal under these circumstances.[1]

---

[1] Additionally, the requested schedule addresses existing trial and out of office conflicts for the defense with the following time-periods: July 21-25, August 21-September 12, and September 23-October 1.

But even if Mr. Villegas Alvarez did not have a language barrier, the requested adjournment would be necessary to provide him effective representation at trial.

Although the Government has requested a June 23rd trial date, the fact that it has not completed disclosures less than a month before that date make it impossible to prepare an effective defense. The Government has not yet disclosed its witnesses, experts, proposed jury instructions, or other materials that typically lead to motions practice. The Government stated that it has produced all relevant discovery in its file but will supplement its productions from here on should it obtain anything else that's relevant. Defense counsel does not fault the Government for not fully completing its disclosures only a few months post-indictment. It is *highly unusual* for cases in this District to proceed to trial within three months of arrest.

Instead, Mr. Villegas Alvarez suggests that its more appropriate to provide *both sides* time to prepare for trial. Specifically, Mr. Villegas Alvarez requests a reasonable amount of time once the Government's disclosures are complete, to review the information, conduct his own investigation, consider and file the appropriate motions. These disclosures also need to be completed to allow Mr. Villegas Alvarez to consider, seek, and retain any necessary experts. The retention of experts may also lead to further motions practice. None of these important steps should be skipped altogether or rushed—and if they are, Mr. Villegas Alvarez may have significant appellate arguments for ineffective assistance of counsel.

The defense's request is reasonable, especially considering that it would result in a trial only seven months after arrest—no easy task considering the typical length between arrest and resolution in this District. Furthermore, the result of this trial will have a tremendous impact on Mr. Villegas Alvarez's ability to remain in this country. The importance of time to consider both the advice of defense counsel and immigration counsel cannot be understated. He humbly requests a fair chance at preparing and presenting a defense, as is his right.

**Government's Position**

The Government is prepared to begin trial on June 23, 2025. That date should be feasible for all parties given that this case is relatively straightforward, and the Government has already produced its entire casefile in discovery. Given that, while the Government does not categorically oppose defense counsel's request for a brief continuance to prepare for trial, the Government does not believe an additional 4.5 months is necessary. If the Court is inclined to grant the Defendant's continuance request, the Government suggests that a trial date in August or September sufficiently balances the public's interest in a speedy trial, the Defendant's right to present a meaningful defense, and the victim officer's right to a resolution of this matter without unreasonable delay.

Thank you for your consideration of this scheduling matter.

Respectfully submitted,

*s/ Tatiana S. L. Nnaji*
Tatiana S. L. Nnaji
Laura Sayler
Assistant Federal Public Defenders
District of New Jersey
1002 Broad Street
Newark, NJ 07102

*/s/ Ariel Douek*
George Brandley
Ariel Douek
Assistant United States Attorneys
United States Attorney's Office-
District of New Jersey
970 Broad Street
Newark, NJ 07102