

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th Floor*
*Newark, New Jersey 07102*
*(973) 645-2700*

September 19, 2025

**VIA EMAIL & ECF**

The Honorable Katharine S. Hayden
Senior United States Circuit Judge
Frank Lautenberg Post Office
    & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

        RE:    *United States v. Hector Villegas Alvarez*, Crim. No. 25-219

Dear Judge Hayden:

    Please accept this letter in lieu of a more formal submission as the Government's motion to admit and prohibit certain evidence at trial of the above-referenced matter, currently scheduled for **Monday, November 17, 2025**. By filing this motion, the Government seeks a pretrial ruling from the Court to 1) prohibit the defense from arguing or eliciting testimony that addresses issues irrelevant to the jury's determinations and/or promote jury nullification and 2) inform all parties whether certain evidence will be admitted at trial pursuant to Federal Rule of Evidence ("FRE") 404. Specifically, the Government seeks to admit evidence of defendant's 2016 felony arrest for distribution of Ketamine, should the defendant present character evidence regarding his reputation for law-abidingness. For the reasons set forth below, the Government respectfully submits that the Court should grant the Government's motions *in limine*.

## I.    The Indictment

    On or about April 8, 2025, a federal grand jury sitting in Newark, New Jersey, returned an Indictment charging Hector Villegas Alvarez ("defendant" or "Villegas Alvarez") with assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b).

## II. Factual Background

At trial against Villegas Alvarez, the Government will elicit some or all of the following evidence:

On or about February 23, 2025, ICE deportation officers, including Victim-1 and Officer-1, conducted an operation to identify and apprehend Villegas Alvarez because he had been identified as an individua without legal immigration status l to be deported from the United States. As part of that operation, Deportation Officers Victim-1 and Officer-1 conducted surveillance on Villegas Alvarez's residence in Roselle, New Jersey (the "Residence"). During that surveillance, Victim-1 and Officer-1 observed a car with Florida license plates (the "Car") leaving the Residence. Shortly thereafter, the officers lawfully stopped the Car.

During the stop, Officer-1 saw Villegas Alvarez in the driver's seat and an unidentified woman in the passenger's seat of the Car. At that point, Officer-1 asked Villegas Alvarez to get out of the Car and attempted to place Villegas Alvarez in handcuffs. Villegas Alvarez got out of the Car but resisted Officer-1's attempts to handcuff him, including by tensing his body and locking his arms. Vicitm-1 saw Villegas Alvarez and Officer-1 engaging in a physical struggle. Victim-1 attempted to assist Officer-1 by deploying her taser on Villegas Alvarez to subdue him. Specifically, Victim-1 hit Villegas Alvarez in the back with taser darts at least three times causing Villegas Alvarez to fall to the ground momentarily. Despite being hit with multiple taser darts, Villegas Alvarez was able to quickly get back to his feet and attempt to get into the Car to flee. Before Villegas Alvarez could get into the Car, Officers-1 and Victim-1 were able to wrestle Villegas Alvarez to the ground. Villegas Alvarez continued to physically resist the officers before he was eventually subdued and detained. During that struggle, however, Villegas Alvarez forcefully elbowed Victim-1 in the face.

As a result of Villegas Alvarez assault, Victim-1 sustained bodily injury, including a broken nose and a concussion. Victim-1 suffered a mild traumatic brain injury, which has resulted in a post-concussive syndrome manifested by headache, dizziness, and memory problems.

## III. Legal Argument

### A. Jury Nullification

The Government moves, pursuant to FRE 401 and FRE 403, to preclude defense counsel from arguing or eliciting testimony regarding legal issues not properly before the jury, including any argument or testimony regarding the legitimacy of ICE, the ethics of immigration enforcement, and the Government's immigration policy. Exclusion of such argument and/or testimony is appropriate

because these topics: (1) are not relevant and lack probative value to the questions the jurors will be asked to determine in this case; (2) are unduly prejudicial, have a substantial likelihood of wasting time, and will confuse the jury; and (3) improperly promote jury nullification.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* FRE 401. If the extrinsic evidence is probative of a non-propensity purpose, and if that purpose is logically relevant to a fact of consequence to the case, the evidence should be admitted unless, under FRE 403, "its probative value is substantially outweighed by a danger of . . . unfair prejudice." FRE 403. "Unfair prejudice is what Rule 403 is meant to guard against, that is, prejudice 'based on something other than [the evidence's] persuasive weight.'" *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) (quoting *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003)).

Jury nullification—asking the jury to decide a case on extraneous matters—is "an aberration under our system." *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) (quotation omitted); see also *United States v. DeMuro,* 677 F.3d 550, 565 (3d Cir. 2012) (holding that district court properly excluded evidence that would have invited jury nullification). Because "jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role," *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006), any appeal to jury nullification is effectively "invit[ing] the jury to act lawlessly," *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). Moreover, evidence and argument directed toward jury nullification has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence and is therefore irrelevant under FRE 401. Thus, when the only purpose of evidence or argument is to encourage jury nullification, it should be excluded.

In this case, the jury will be asked to decide whether the Government has proved beyond a reasonable doubt each of the essential elements of the charged offense. Those determinations have nothing to do with any personal or political opposition to ICE, the morality of immigration enforcement, or the perceived legitimacy or conduct of ICE in general, except as it relates to the specific facts of this case. Personal views about immigration policy, the legitimacy of ICE, or the manner in which ICE conducts its enforcement activities, outside of the scope of the investigation that led to the instant charges, are not elements of the offense, nor do they constitute a valid defense. Thus, any probative value in allowing such questioning, testimony, or argument is nonexistent.

By contrast, injecting into the jurors' minds even a suggestion to consider sympathy or any personal feelings regarding ICE or immigration policy more generally is highly prejudicial, will confuse the jury, will needlessly take the trial

down irrelevant, time-consuming rabbit holes, and will most certainly invite jury nullification. Accordingly, the Government respectfully requests that the Court prohibit any such arguments or questions designed to suggest the same. *See United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge [ ] may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

### B. Prior Arrest for Drug Distribution

Should the defense offer evidence of Villegas Alvarez's character or reputation as being a law abiding individual, the Government should be permitted to rebut such evidence pursuant to FRE 404(a)(2)(A) with evidence of his July 26, 2018 arrest for distribution of Ketamine, in violation of N.J.S.A. 2C:35-5b(3). *State v. Villegas Alvarez*, 2018-2829.

The Government does not intend to elicit this to show that the defendant has a propensity to commit such acts and is thus more likely to have committed the crime now charged. But the Government would seek to introduce Villegas Alvarez's arrest to rebut any "good character" evidence the defense seeks to introduce including, but not limited to, testimony from Villegas Alvarez or others concerning his good character or law-abiding nature. The Court should permit the Government to do so because the rule against presenting "character evidence" by the prosecutor is waived where the defendant chooses to offer "good" character evidence in his own defense. FRE 404(a)(2)(A). Opinion or character evidence showing that a defendant is a law-abiding person is generally admissible in crimes with that require proof of a culpable mens rea; "the general rule against propensity evidence is not applied." *See In re Sealed Case, 352 F.3d 409, 412 (D.C. Cir. 2003), see also* McCormick On Evid. § 191 (7th ed.).

If the defense offers such evidence, the Government is entitled to rebut the same by cross-examining the defendant or other witnesses regarding his distribution of suspected ketamine on July 26, 2018. Although this conduct did not end in a conviction, it is still relevant to whether the defendant is a law-abiding individual. *See United States v. Watkins, 111 F.4th 300, 312 (4th Cir. 2024), see also United States v. Gonzalez,* 905 F.3d 165, 204 (3d Cir. 2018).

## IV.    Conclusion

For the foregoing reasons, the Government respectfully submits that the Court should grant the Government's motions *in limine*.

>Respectfully submitted,
>
>TODD W. BLANCHE
>U.S. Deputy Attorney General
>
>ALINA HABBA
>Acting U.S. Attorney
>Special Attorney
>
>*s/Ariel Douek*
>By: George L. Brandley
>Ariel Douek
>Assistant U.S. Attorneys

cc:  Tatiana Nnaji, Esq. and Laura Sayler, Esq., Counsel for Defendant