# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**HECTOR VILLEGAS ÁLVAREZ,**<br><br>Defendant. | Crim. No. 25-219 (KSH)<br><br>Hon. Katharine S. Hayden |

## MOTION TO LIFT PROTECTIVE ORDER FOR LIMITED PURPOSE OF DEFENDING HABEAS APPLICATION AND USE IN IMMIGRATION PROCEEDINGS

Defendant Hector Villegas Álvarez (hereinafter, "Mr. Villegas") hereby moves this Court to lift the Protective Order, ECF No. 10 (hereinafter "Protective Order") so that he may use certain documents produced in the criminal case, especially four photos of text messages and medical records and reports and employment records, in his civil habeas proceedings in federal court, Civ. No. 26-2766 (MAS), and in his immigration proceedings. In support he says as follows:

## INTRODUCTION

For approximately six months in 2025, the government prosecuted Mr. Villegas for allegedly assaulting a federal officer causing serious bodily injury. Immediately, the government was advised of its continuing obligation to produce all exculpatory evidence, pursuant to *Brady v. Maryland*. ECF No. 6 (April 3, 2025). Because medical records of the alleged victim were relevant to Mr. Villegas's defense against criminal prosecution, the defense consented to entry of a protective order. ECF No. (April 23, 2025). As discovery was exchanged and experts were engaged to analyze that evidence, it became clear that it was *Mr. Villegas* who was assaulted from behind by ICE Officer Angelina McCune—the alleged victim. Officers deployed a Taser gun eight times, waist-tackled Mr. Villegas from behind, slammed him to the ground, kneeled on his previously operated on spine, and forcibly and painfully pulled his arms behind him despite his attempts to explain his limited shoulder mobility due to prior surgery. McCune later claimed injury based on vague symptoms of fatigue, headache, and dizziness with no treating physicians or medical records beyond her initial attempts at emergency room shopping.

After extensive discovery litigation and defense attempts to subpoena relevant information, this Court ordered disclosure of certain records from the Department of Labor. ECF No. 60 (Nov. 6, 2025). One day later, the government also produced [redacted]

[redacted]. *See* Ex. A (email from AUSA George Brandley (Nov. 7, 2025), filed under seal in an abundance of caution); Ex. B. (email from AUSA George Brandley (Nov. 7, 2025), filed under seal in an abundance of caution). The defense believed [redacted] to be *Brady* material and their late disclosure a *Brady* violation. The government disagreed but advised it would move to dismiss the case that same day. An order of dismissal was entered by this Court on November 10, 2025. ECF No. 63 (Nov. 10. 2025). Nonetheless, Mr. Villegas remains in immigration detention 17 months after that original unlawful arrest. He is currently litigating the constitutionality of this prolonged detention before Judge Shipp in Civil Number 26-2766, as well as denial of his application for asylum.

Mr. Villegas now moves this Court to lift the Protective Order so that he may prove to the habeas and immigration court that the allegations were spurious.

## ARGUMENT

### A. The Unsavory and Exculpatory Messages between Officer McCune and Fellow Deportation Officers Do Not Fall Into Any Category of Materials That Should Be Protected

The Protective Order was entered to protect highly sensitive documents and personally identifiable information, prevent pretrial prejudice, and protect the constitutional rights of the accused. The Order set forth what materials should be protected, namely that which:

(i) affects the privacy and confidentiality of individuals;

(ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals;
(iii) would risk prejudicial pretrial publicity if publicly disseminated; and
(iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

ECF No. 10 at 1. The Protective Order should not be used to shield bad behavior from public view or prevent a still-detained defendant from rebutting the government's opposition to his habeas petition. *See* Civ. No. 26-2766, ECF No. 6 at 2 (Gov't Opp to Petition (June 29, 2026)).

The criminal case against Mr. Villegas was dismissed on November 10, 2025 and the text messages: (1) do not contain any sensitive personally identifiable information, (i); do not protect an *ongoing* investigation, (ii); or need to be protected to avoid *pre*trial publicity, (iii). Nor are these images of text messages materials "not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case," (iv). To the contrary, the material at issue is of significant interest to the public given the Trump Administration's aggressive immigration enforcement tactics around the country.

**B. This Court Should Permit Mr. Villegas to Use Certain Materials in His Habeas and Immigration Defense Given that the Instant Criminal Prosecution Precipitated his Immigration Detention and the Government Continues to Utilize the Criminal Prosecution Against Mr. Villegas.**

In its Expedited Answer to Mr. Villegas's habeas petition, the government recites as if true the never-proven (and in the defense view, false) accusations of resisting arrest and bodily injury to Officer McCune. It should be noted that no

evidence was ever produced to corroborate that McCune broke her nose, and the allegation appears to rest on a single emergency room visit where an "incompletely imaged" X-Ray showed "questionable left nasal bone fracture" requesting a follow up CT scan. No follow up scans demonstrated a fractured nose, and the government *never produced any evidence of any follow up care for McCune's alleged injuries*, a topic that the defense planned to heavily question McCune and the government's non-treating expert on at trial.

These false accusations have reverberated through various proceedings. Bond was denied in immigration court in major part because of the false allegations and that bond denial was then used in the government's Answer opposing habeas relief. For example, the government states in its recitation of the "Background" relevant to its opposition:

- "In February 2025, ICE identified Petitioner as being unlawfully present in the United States and ICE arrested Petitioner in Roselle, New Jersey following a motor vehicle stop. *Id.* at 2. During the course of the arrest, Petitioner resisted arrest and assaulted the arresting officers. *Id.* On March 21, 2025, Petitioner was federally charged for forcibly assaulting and inflicting bodily injury on a federal Deportation Officer, *see United States v. Hector Villegas Alvarez*, Crim. No. 25-219 (KSH) (ECF Nos. 1, 8). The indictment in that case was dismissed on November 10, 2025. *Id.* at ECF No. 63."

- "[T]he Immigration Judge explained why Petitioner's criminal history was 'concerning,' including because Petitioner committed a drug crime just a month after entering the United States, and because Petitioner violently resisted arrest in 2025, engaging in a struggle with an officer that resulted in the officer suffering a broken nose. *See id.*at 3. The Immigration Judge further explained that Petitioner's history of violating the law and resisting

> lawful orders from law enforcement 'diminish the Court's confidence regarding [Petitioner's] willingness and ability to appear for his future immigration proceedings.' *Id.* at 7.

Gov't Opp at 2. Further, in arguing that Mr. Villegas should not get *another* bond hearing, the government relies on the determinations of immigration judges who ostensibly relied on—at best—incomplete and unproven information regarding the criminal matter. At worst, those decisions were based on false accusations of assault and injury for which Mr. Villegas never was able to be vindicated at trial.

It is fundamentally unfair for the government to use the allegations from the criminal case as a sword and the protective order as a shield to prevent complete development of the record in the habeas and immigration proceedings. Accordingly, Mr. Villegas moves for an Order permitting him to use the messages contained in Exhibits A & B and the medical and employment records produced by the government to support his application for habeas corpus for his prolonged detention, and in immigration proceedings, including bond hearings and appeal of denial of his asylum application. For the medical and employment records, Mr. Villegas would submit any documents under seal.

Respectfully Submitted,

*/s/ Laura C. Sayler*
Laura C. Sayler
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jerey 07302
609-900-5303
Laura_Sayler@fd.org